IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT WILLIAMS, ) | |
| ) | |
| Plaintiff-Claimant, ) | |
| ) | No. 11 C 2053 |
| v. ) | |
| ) | Jeffrey T. Gilbert |
| MICHAEL J. ASTRUE, Commissioner ) | Magistrate Judge |
| Of Social Security, ) | |
| ) | |
| Defendant-Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Robert Williams filed an action challenging the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits on March 11, 2011. On March 22, 2012, this Court entered judgment for Claimant remanding the case to the Social Security Administration for further consideration of Claimant's claim for disability benefits pursuant to 42 U.S.C. § 405(g). *See* [Dkt.#28]. Claimant now seeks to recover his attorney's fees incurred in his successful challenge to the Commissioner's decision pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(a). For the reasons discussed below, Claimant's Motion for Attorneys' Fees Under EAJA [Dkt.#29] is granted, and the Commissioner's objections are overruled.

## DISCUSSION

Under the EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorneys' fees and costs. *See* 28 U.S.C. § 2412(d). A court may award feeds under the EAJA when (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the prevailing party's application for fees is timely filed.

28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean*, 496 U.S. 154, 155, (1990); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). Here, the Commissioner concedes that Claimant is a prevailing party and that his application for fees is filed timely. The Commissioner also does not argue that the position of the agency was substantially justified nor does the Commissioner object to the number of hours that Claimant's attorney spent litigating the case.[1] The Commissioner, however, objects to the hourly rate sought by Claimant for the work his attorney performed in this case. Claimant argues that his attorney's rate is reasonable.

The EAJA provides that the award of attorney's fees "'shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living [since 1996, when the current version of the Act was passed] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011) (citing 28 U.S.C. §2412(d)(2)(A)(ii)). In *Mathews-Sheets*, the Seventh Circuit held that EAJA "doesn't authorize an award of $125 per hour," it is a "presumptive ceiling; to justify a higher rate the claimant must point to inflation or some other special factor." 653 F.3d at 562. If the claimant seeks an inflation adjustment, he "still must show that it actually justifies a higher fee" by showing that inflation "has increased the cost of providing adequate legal service to a person seeking relief against the government." *Id.* at 563 (citing *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009); *May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991); *Headlee v. Bowen*, 869 F.2d 548, 552 (10th Cir. 1989); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988); *but cf.*

---

[1] The Commissioner agreed to a joint stipulation to remand the case back to the Social Security Administration for further evaluation of the opinion evidence offered by Claimant's treating physician, among other reasons.

*Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990)). The Seventh Circuit has acknowledged that, "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted" for the time in which the fees were incurred. *Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008).

Claimant here provides a detailed itemization of the work performed by his attorney. *See* [Dkt.#29-1, Ex.A]. In total, Claimant seeks an award of fees in the amount of $6216.81, based on an hourly rate of $177.75. Claimant argues that the requested hourly rate is supported by the cost of living increases in the Chicago area during the period of March 1996, when EAJA set the rate at $125 per hour, through May 2011 based on in the Consumer Price Index for Chicago-Gary-Lake County, a printout of which is attached to his motion. *See* [Dkt.#29-3, Ex.C]. Claimant calculates the rate by dividing the Consumer Price Index for May 2012 ($222.262) by the March 1996 Consumer Price Index ($156.3) and then multiplying that ratio by $125 to arrive at the $177.75 rate.

Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases and have found similar rates to be justified under the EAJA since *Mathew-Sheets* was decided. *See, e.g., Dewolf v. Astrue*, 2012 WL 3260420, at *3 (N.D. Aug.8, 2012) (approving an hourly rate of $181.37); *Claiborne v. Astrue*, 2012 WL 2680777, at * 1 (N.D. Ill. July 6, 2012) ($181.25); *Seabron v. Astrue*, 2012 WL 1985681, at *4 (N.D. Ill. June 4, 2012) ($176.25). In support of the higher rate, Claimant's attorney provided an affidavit with respect to fees granted in other cases.[2] *See* [Dkt.#29-2, Ex.B]. Claimant's attorney also submitted copies of her leases for 1996 and 2012,

---

[2] Claimant's attorney attested that she has worked in the field of Social Security disability benefits for over thirty years and that her hourly fee "has ranged between $50.00 and $350.00, often exceeding $200.00 to $300.00 per hour." [Dkt.#29-1], Ex.A

indicating that her "rental rates have increased by $1073.37 per month or $12,880.44 per year from 1996-2012." (*see* Pl.'s Reply [Dkt#34], at 4). Counsel also submitted evidence of an award of attorneys' fees in another Social Security case in which she received a rate of $300/hour approved by Judge Hart in this district on April 12, 2012. In addition, counsel submitted that her employee and other operating costs, including electricity, supplies, and telephone, have increased since 1996.

The Court accepts these representations and finds the evidence adequate to prove inflation has increased counsel's costs of providing legal services. *See Gonzalez v. Astrue*, 2012 WL 1633937, at *2 (S.D. Ind., May 9, 2012) (noting that *Matthews-Sheets* did not "prescribe any particular manner in which a lawyer might demonstrate" that inflation increased the cost of providing adequate legal service). By demonstrating both the general level of inflation in the region and his attorney's own cost increases over the relevant period, Claimant has shown an increased rate is justified. Other district courts likewise have interpreted *Mathew-Sheets* to allow a rate increase upon a showing of both general inflation and higher costs for the lawyer seeking the adjustment. *See Dewolf v. Astrue*, 2012 WL3260420, at *2-3 (granting a rate increase based on the Consumer Price Index increase and the attorney's representations of his own increased costs); *Just v. Astrue*, 2012 WL 2780141, at *2 (N.D. Ill. July 9, 2012) (same and also considering affidavits of other local attorneys attesting to increased costs); *Seabron v. Astrue*, 2012 WL 1985681, at 3-4 (N.D. Ill. June 4, 2012) (same and the Commissioner also conceding that a cost of living increase to $175.69 was warranted based on the regional Consumer Price Index for Chicago-Gary-Kenosha); *Scott v. Astrue*, 2012 WL 527523, at *6 (N.D. Ill. Feb. 16, 2012) (same).

Finally, the Commissioner contends that any fee award in this case must be made to Claimant, not to his attorney. Commissioner's Resp.[Dkt.#33], at 3-6. The Seventh Circuit recently held that if Claimant has assigned his right to a fee award to his lawyer in advance, as is the case here, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what [he] owes [his] lawyer." *Mathew-Sheets*, 653 F.3d at 565. Here, as in *Mathew-Sheets*, "[t]here is no indication of that in this case, so to ignore the assignment and order the fee paid to [him] would just create a potential collection problem for the lawyer." *Id.* at 565-566. Claimant's "Assignment of EAJA Fee" is attached to his motion for attorney's fees [Dkt.#29-4, Ex. D]. Accordingly, the Court grants Claimant's request that any EAJA fees awarded be made payable directly to his attorney, pursuant to the assignment of fees in Claimant's fee agreement with his counsel. Claimant's Reply Br. [Dkt.#34], 5-6 and [Dkt.#29-4, Ex. D].

## CONCLUSION

For the foregoing reasons, the Court grants Claimant's Motion for Attorneys' Fees Under EAJA [Dkt.#29] and awards him the amount of $6216.81. This amount, after any applicable offset permitted by law, is to be made payable to Claimant's counsel. If a separate order is required in this regard, the parties shall submit their draft via the proposed order link on the Court's website.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 23, 2013